UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RALPH BAKER,** | Civil Action No. 22-1234 (FLW) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **RAYMOND ROYCE, et al.,** | |
| **Defendants.** | |

Plaintiff Ralph Baker, who is currently confined at New Jersey State Prison, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. Plaintiff initially submitted his Complaint without an application to proceed *in forma pauperis* ("IFP application") and subsequently submitted an Amended Complaint with exhibits and an incomplete IFP application. *See* ECF Nos. 1, 2, 2-7. The Court denied without prejudice Plaintiff's IFP application, and Plaintiff resubmitted the IFP application on June 24, 2022. ECF Nos. 3-4. Shortly thereafter, Plaintiff submitted two proposed Amended Complaints. ECF Nos. 5-6. On September 21, 2022, prior to the Court's screening, Plaintiff filed a motion for preliminary injunction *See* ECF No. 8. On October 6, 2022, Plaintiff submitted an unsigned motion for summary judgment. *See* ECF No. 9.

At this time, the Court grants Plaintiff leave to proceed in this Court without prepayment of fees and screens the most recent Amended Complaint, ECF No. 6, for dismissal pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). The Court also addresses Plaintiff's motion for preliminary injunction and his motion for summary judgment.

## I.     PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint provides a stream of consciousness litany of seemingly unrelated violations of his civil rights arising from his incarceration at New Jersey State Prison.[1]

Construed liberally, Plaintiff's Amended Complaint appears to allege that Raymond Royce, Administrator of the New Jersey Department of Corrections, Bruce Davis, Administrator of the New Jersey Department of Corrections, and Marshall Fletcher, a Classification Officer at New Jersey State Prison, have illegally denied him jail credits for indictments in Union and Somerset County that were dismissed, and that the denial of the credits will cause him to be confined beyond the expiration of his sentence. *See* ECF No. 6, Amended Complaint at 4. Plaintiff contends that classification staff failed to provide credits to Plaintiff's remaining sentence following the dismissal of the indictments. *Id.* at 5-6. Plaintiff also alleges that he sent his judgment of conviction to Fletcher. *Id.* at 6.

In addition to the allegations regarding the calculation of his sentence, Plaintiff also alleges he was confined in a cell with "lice[,] flees[sic.,] soil mattess [sic]. *Id.* at 5. Lt. Michael Brawford allegedly wrote a false charge against Baker and placed him in a cell in Unit 2C where "others" flooded the cell with feces and urine, which destroyed Baker's legal papers. *See id.* at 5. Plaintiff was found not guilty of threatening staff. *Id.* Plaintiff also alleges he was refused "constant shower" in Unit 2L and denied requests to remove feces and urine from his food and cell, and was also denied protection. *Id.* at 6. The latter two incidents appear to be separate and involve different cells.

---

[1] Some of the allegations in the Amended Complaint and Plaintiff's summary judgment motion overlap with claims Baker raised in a different action, Baker v. Wittevrongel, Civ. Act. No. No. 20-cv-13020, which the Honorable John Michael Vazquez, U.S.D.J., dismissed on December 3, 2021. The appeal of that decision is still pending before the Third Circuit. *See* No. 22-1088 (3d Cir.).

Plaintiff also alleges that "Defendants" have been investigated for the murder of other inmates and that "Defendants" prevented Plaintiff's interstate transfer to Maryland and New Hampshire. Plaintiff does not provide any other facts about this claim. *Id.* at 6.

Plaintiff additionally alleges that Department of Corrections personnel destroyed his word processor and seized his law books, but he provides no other facts about this incident. *See id.* at 6.

Plaintiff also raises claims about his medical care and alleges that the Medical Department "instituted medical castration" on Plaintiff by giving him Lupron, a cancer drug for end stage cancer that kills sperm and causes permanent erectile dysfunction. *Id.* Plaintiff also alleges that he has been denied medication for diabetes for twelve years and has been overdosed on high blood pressure medicine. *Id.*

In the relief section of his Amended Complaint, Plaintiff seeks $500 for each day of "illegal confinement" from December 6, 2021-February 21, 2021, as well as sixteen million dollars for the miscalculation of his sentence. *Id.* at 6-7. Plaintiff also alludes to the fact that DNA implicated another man in a string of armed robberies attributed to Plaintiff. *See id.*

In the relief section of the Amended Complaint, Baker also states that he has received death threats from gang members who stole his social security number and filed "taxes" against him. *Id.* at 7. Plaintiff further states that correction officers D. Jenowicz and L. Jenowicz opened Plaintiff's cell door, threw feces, and threatened Plaintiff's safety. *See id.* at 7. The gang member allegedly stole Plaintiff's legal briefs and impersonated Plaintiff by using his social security number and seeking to obtain money from Plaintiff's pending lawsuits. *Id.*

## II.     STANDARD OF REVIEW

Federal law requires the Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,'" the Court will accept the facts alleged in the pro se complaint as true, "'draw[ ] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, ... contains facts sufficient to state a plausible [ ] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (first, third, and fourth alterations in original) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Baker is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means [courts] remain flexible, especially 'when dealing with imprisoned pro se litigants....'" *Id.* (quoting *Mala*, 704 F.3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244.) However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.     DISCUSSION

#### a. Plaintiff's Challenge to his Sentence

The Court begins with Baker's challenge to his sentence, which he brings against Administrators Raymond Royce and Bruce Davis, as well as Classification Officer Marshall Fletcher. To provide context for this claim, the Court considers Plaintiff's exhibits[2] and the available public record regarding Plaintiff's criminal convictions.

Plaintiff was convicted in separate trials in Middlesex County and Union County for robberies that occurred in 2002. *See State v. Baker*, Nos. A–3867–05T4, A–3602–13T4, A–3603–13T4, 2017 WL 2797433, at *1-2 (N.J. Super. A.D. Jun. 28, 2017). A ski mask, bag, and gun seized in the Union County arrest was admitted at Baker's trials in Union and Middlesex Counties. *See id.* at 1-2. Baker was also charged in Somerset County with committing a July 2, 2002 armed robbery and aggravated assault. *Id.* at 2. The Somerset County court apparently ruled that the ski mask, bag, and gun seized in the Union County arrest would be admissible and granted defendant's motion to have the mask tested for DNA. *Id.* In 2006, the State Police laboratory informed the Somerset County authorities that the mask bore DNA linked to another man arrested in April 2003 for a masked armed robbery in Hudson County. *Id.* The Somerset County indictment was dismissed voluntarily on April 3, 2008. *Id.* Plaintiff sought new trials in both the Union County and Middlesex County matters based on newly discovered DNA evidence. *Id.*

In an unpublished decision dated June 28, 2017, the Appellate Division vacated the denials of Plaintiff's motions for a new trial in the Union and Middlesex County matters and remanded for evidentiary hearings on the DNA evidence to determine whether Baker could

---

[2] Plaintiff provided these exhibits with his motions for a preliminary injunction and summary judgment.

5

satisfy the newly-discovered evidence standard in either matter.[3]  *See Baker*, 2017 WL 2797433, at *7-11.

On December 7, 2018, on remand and following an evidentiary hearing in Union County, the Honorable Candido Rodriguez, Jr., J.S.C., entered a Judgment of Dismissal, dismissing petitioner's Union County convictions under Indictment No. 02-10-01265.  *See* ECF No. 9-1, Plaintiff's Exhibit at 8; *see also* Baker v. Ricci, Civ. No. 09-3654 (KM), ECF Nos. 75 at 2; 75-4.

Following an evidentiary hearing in Middlesex County, the Honorable Dennis V. Nieves, J.S.C., issued a written opinion on September 10, 2019, denying defendant's motion for a new trial in the Middlesex County matter.[4]  *See* ECF No. 9-1, Plaintiff's Exhibit at 8.

Defendant thereafter filed a Notice of Appeal from the denial of his motion for a new trial as to the Middlesex County convictions and his resentencing.  *See id.* at 8.  Plaintiff has not alleged any facts in his Amended Complaint to suggest that the Appellate Division or Supreme Court of New Jersey have ruled on his appeal of the Middlesex County convictions.

In his Amended Complaint, Plaintiff appears to allege that Defendants Royce, Davis, and Fletcher failed to give him jail credits in connection with the dismissal of the Union and Somerset County Indictments.  He also alleges that the failure to provide these credits will

---

[3] The Appellate Division also affirmed Plaintiff's Middlesex County conviction but vacated Plaintiff's life sentence and remanded for resentencing on Count Two—first degree robbery of the visitor, N.J.S.A. 2C:15–1.  The remand was limited to reconsideration of the appropriate sentence for defendant within the expanded range in light of *State v. Pierce*, 188 N.J. 155 (2006). *Id.* at *7.

[4] On November 21, 2019, the Honorable Andrea Carter, J.S.C., presided over Baker's resentencing on count two of the Middlesex County indictment and imposed an extended term of life imprisonment. *See id.* at 8.  The Court also notes in this regard that Plaintiff is still serving a life sentence for the Middlesex County armed robbery, which has not been overturned or modified; thus, it appears that he has not been held beyond the expiration of his Middlesex County sentence or that he is entitled to immediate release.

require him to serve a longer sentence and that he is illegally confined. This type of claim, however, is not cognizable in a § 1983 action and is only cognizable in a habeas action.

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." *Id.* (emphasis supplied). In a series of decisions beginning with *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus. In *Preiser*, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release. *See id.* at 476. The prisoners did not seek compensatory damages for the loss of their credits. *See id.* at 494. Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition. *See id.* at 500.

The Third Circuit has explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

7

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Here, the plaintiff's challenges to calculation of his sentence and/or the award of credits plainly affect the duration of his confinement, and, thus, squarely fall within the "core of habeas."  Plaintiff may not proceed on those claims in a civil rights action regardless of whether he seeks damages or equitable relief.  Therefore, the §1983 claims challenging the calculation of his sentence are dismissed without prejudice to Baker's filing of a habeas petition once he fully exhausts these claims in state court.

### b.  The Remaining § 1983 Claims in the Amended Complaint

The Court also construes Plaintiff to raise additional § 1983 claims.[5]  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Importantly, § 1983 does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws."  *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  "The first step in evaluating a section 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all."  *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (internal quotations and citations omitted).  "Next, a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'"  *Id.* (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Plaintiff alleges that Lt. Michael Brawford wrote a false charge against him; however, the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.

---

[5] The Court does not construe Plaintiff to raise any state law claims.  The Court also assumes for purposes of screening that Plaintiff seeks damages against the individual Defendants in their personal capacities, unless otherwise noted.

8

*See Mimms v. U.N.I.C.O.R.*, 386 F. App'x. 32, 36 (3d cir.2010) (citing *Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d cir.2002)); *Freeman v. Rideout*, 808 F.2d 949, 952–53 (2d Cir.1986) (holding "mere filing of [a false] charge itself" does not constitute cognizable claim under § 1983 so long as inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"); *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th cir.1984) (finding that so long as prison officials provide prisoner with procedural requirements, then prisoner has not suffered constitutional violation); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–71 (1974) (inmate is entitled to (1) written notice of charges and no less than 24 hours to marshal facts and prepare defense for appearance at disciplinary hearing; (2) written statement by fact finder as to evidence relied on and reasons for disciplinary action; and (3) opportunity to call witnesses and present documentary evidence in defense when to do so will not be unduly hazardous to institutional safety or correctional goals).

  Here, Baker does not allege that he was denied an institutional disciplinary hearing, an opportunity to present evidence to refute the charges, or any due process requirements. Rather, he merely alleges that he was accused of the false charges and was found not guilty of those charges. As such, there are no factual allegations of wrongdoing that would rise to the level of a constitutional deprivation, and this claim is dismissed without prejudice as to Lt. Michael Brawford.

  Plaintiff also alleges a number of potential Eighth Amendment violations arising from prison conditions. The Eighth Amendment prohibits the infliction "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). Prison conditions can run afoul of the Eighth Amendment's proscription on cruel and unusual punishment by either ignoring "evolving standards of decency" or involving "unnecessary and

wanton infliction of pain." *See Rhodes*, 452 U.S. at 346 (citing *Gregg v. Georgia*, 428 U.S. 153, 171 (1976); *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). To succeed on an Eighth Amendment conditions of confinement claim, a plaintiff must prove that the deprivation was sufficiently serious (the objective element), and that the prison officials acted with a sufficiently culpable state of mind (the subjective element). *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective element may be satisfied when inmates are deprived of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *accord Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir.1997) (holding that plaintiff's Eighth Amendment claim failed because he "presented no evidence that he was denied basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety"). As to the subjective element for deliberate indifference, the plaintiff must prove that the prison official knew of and disregarded an excessive risk to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *See Fantone v. Herbik*, 528 F. App'x. 123, 127 (3d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)).

Plaintiff alleges he was placed in a cell with lice, fleas, and a soiled mattress, but he provides no other facts from which the Court can infer which of the Defendants, if any, were involved in this alleged wrong and whether they acted with deliberate indifference to Plaintiff's health or safety. And although Plaintiff has sued Administrators at New Jersey State Prison, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3rd Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981). A plaintiff must plead "allegations of personal direction or of actual knowledge and acquiescence.

Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* Additionally, "[b]ecause vicarious liability is inapplicable to ...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3rd Cir. 2018) (quoting *Iqbal*, 556 U.S. at 676 (emphasis added)).  Because Plaintiff has not identified the prison official or officials who placed him in a cell with lice, fleas, and a soiled mattress and provided facts suggesting they did so with deliberate indifference to his health and safety, this Eighth Amendment claim is dismissed without prejudice.[6]

Plaintiff also alleges that Lt. Michael Brawford placed him in a cell in Unit 2C, and that "others" flooded the cell with feces and urine, which destroyed Baker's legal papers.  Plaintiff does not allege that the feces and urine were in the cell when Bradford placed him there, that Bradford directed others to flood the cell with feces and urine, or that had contemporaneous knowledge that individuals would flood the cell and failed to act.  As such, the Eighth Amendment claim against Bradford arising from Plaintiff's placement in the cell in Unit 2C is dismissed without prejudice for failure to state a claim for relief.

Plaintiff also alleges he was refused "constant shower" in Unit 2L and denied requests to remove feces and urine from his food and cell, and was also denied protection, but he does not identify the prison official or officials who refused to remove the feces and urine or provide sufficient facts about how he was denied "protection."  As such, these Eighth Amendment claims are likewise dismissed without prejudice for failure to state a claim for relief.

---

[6] With respect to each of his claims, Plaintiff may identify any unknown prison officials as John Does, but he must provide enough facts so that the John Doe may be identified through discovery.

11

In addition to his Eighth Amendment conditions of confinement claims, Plaintiff also alleges that medical personnel gave him Lupron, which causes erectile dysfunction and rendered him infertile, and he also alleges that medical personnel denied him medicine for diabetes and overdosed him on blood pressure medicine. The proscription against cruel and unusual punishment also requires prison officials to provide inmates with constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a facially plausible claim, Plaintiff must allege (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle*, 429 U.S. at 106. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer*, 511 U.S. at 837-38.

As explained by the Third Circuit, "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Jutrowski*, 904 F.3d at 290 (citing *Iqbal*, 556 U.S. at 677). For that reason, Plaintiff is not permitted to sue "medical personnel" in general under § 1983 and must instead plead facts showing how each particular Defendant acted with deliberate indifference to his serious medical needs by prescribing him Lupron. Moreover, Plaintiff provides no facts as to the person or persons who prescribed him Lupron, the medical reason the Lupron was prescribed, or how long Plaintiff was treated with Lupron. As such, this claim is dismissed without prejudice for failure to state a claim for relief. Plaintiff's general allegation that medical personnel denied him medication for diabetes and "overdosed" him on blood pressure medication is likewise insufficient to state a claim for relief as there are no allegations as to which medical personnel engaged in the relevant conduct or the factual circumstances surrounding the alleged overdose. This claim is also dismissed without prejudice for failure to state a claim for relief.

Plaintiff may be attempting to state Eighth Amendment claims against officers D. Jenowicz and L. Jenowicz. In the relief section of his Amended Complaint, Plaintiff states that these officers opened his cell door, threw dog feces, and allowed a gang member to enter his cell. Prison officials have a duty to take "reasonable measures to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir.1997) (citing *Farmer*, 511 U.S. at 833). Officials violate this duty when they exhibit deliberate indifference to a substantial risk of serious harm to an inmate. *Id.* In this context, a finding of deliberate indifference requires that the official have actual knowledge of the excessive risk to inmate safety; it is not sufficient simply that he should have known of such a risk. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir.2012). Stated another way, the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff's allegations are concerning, but he has not provided enough facts for the Court to assess whether D. Jenowicz and/or L. Jenowicz knew that Plaintiff faced a serious risk of harm from gang members in general or from a particular gang member and acted with deliberate indifference to his safety in opening Plaintiff's cell door and "allow[ing]" the gang member to enter.[7] Plaintiff provides so few facts about the alleged throwing of dog feces that the Court is also unable to determine if this incident violated Plaintiff's Eighth Amendment rights. The Court therefore dismisses without prejudice these Eighth Amendment claims against D. Jenowicz and L. Jenowicz for failure to state a claim for relief.

---

[7] The Court does not construe Plaintiff to assert § 1983 claims against the inmate who entered his cell; moreover, there are no facts to suggest that the inmate who entered his cell is a state actor.

13

Plaintiff additionally alleges that Department of Corrections personnel destroyed his word processor and seized his law books, but provides no other facts about this incident. *See id.* at 6. Even if Plaintiff had identified the Defendant(s) who destroyed his property and seized his law books, "[d]eprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy." *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). The opportunity to file an administrative grievance or a state court tort action are adequate post-deprivation remedies that preclude a constitutional claim. *Id.* (citing *Tillman v. Lebanon County Corr.*, 221 F.3d 410, 422 (3d Cir. 2000) (finding administrative grievance system an adequate post-depravation remedy); *Hudson*, 468 U.S. at 535 (finding a state court tort action an adequate post-depravation remedy)). The claim for deprivation of property is dismissed without prejudice for failure to state a claim for relief because Plaintiff has not provided any facts to suggest he lacks an adequate post-deprivation remedy.

Plaintiff also alleges that "Defendants" have prevented Plaintiff's interstate transfer to Maryland and New Hampshire. This claim, without more, also fails to state a claim for relief, as Plaintiff has no constitutional right to be incarcerated in any particular State. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). This claim is dismissed without prejudice.

Finally, Plaintiff has listed Nakia Wynn, Amy Emrich, Major Sears, Jessica McDuffie, and Bruce Brown in the caption of his Amended Complaint, but he provides no facts about how these particular Defendants violated his constitutional rights. As such, the Court dismisses the Amended Complaint against these Defendants for failure to state a claim for relief.

    c.   **Leave to Amend**

To the extent Plaintiff can cure the deficiencies in those § 1983 claims that the Court has dismissed <u>without prejudice</u>, the Court grants leave to amend. Plaintiff shall submit his Amended Complaint within 45 days of the date of the Order accompanying this Memorandum Opinion. Leave to amend is denied as to Plaintiff's claim that he has been improperly denied jail credits that affect the length of his sentence, as this claim may only be brought in a habeas petition after fully exhausting state court remedies.

### d. Plaintiff's Motion for Preliminary Injunction and Summary Judgment

The Court next briefly addresses Plaintiff's motions for a preliminary injunction and summary judgment. *See* ECF Nos. 8-9.

In the motion for preliminary injunction, Plaintiff asserts the same challenge to his sentence that he alleges in the Amended Complaint and seeks the award of jail credits.[8] Because the Court has found that Plaintiff's challenge to his sentence is not cognizable in a civil rights action, Plaintiff does not have a likelihood of success on the merits of this claim, and the motion for preliminary injunction is denied without prejudice to Plaintiff's filing of a habeas case after he exhausts his state court remedies on this claim.

In his unsigned motion for summary judgment, Plaintiff appears to seek summary judgment on the claims raised in the Amended Complaint as well as claims not raised in the Amended Complaint.[9] The Court denies the motion for summary judgment as procedurally

---

[8] "A plaintiff seeking a preliminary injunction must establish [ (1) ] that he is likely to succeed on the merits, [ (2) ] that he is likely to suffer irreparable harm in the absence of preliminary relief, [ (3) ] that the balance of equities tips in his favor, and [ (4) ] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[9] Plaintiff appears to seek summary judgment on falsification of evidence and/or malicious prosecution claims he raised in Baker v. Wittevrongel, Civ. Act. No. No. 20-cv-13020, which are not before this Court.

improper and in light of the dismissal of the Amended Complaint. As noted above, Plaintiff is free to submit an Amended Complaint as to those claims the Court has dismissed without prejudice, but he may not submit a motion for summary judgment at this stage of the proceedings.

## IV.    CONCLUSION

For the reasons explained in his Memorandum Opinion, the Court grants Plaintiff's application to proceed *in forma pauperis* and dismisses the Complaint in its entirety pursuant to the Court's screening authority under 28 U.S.C. § 1915(e). Plaintiff's § 1983 claim seeking the award of jail credits is dismissed without prejudice to Plaintiff's filing of a habeas petition once he fully exhausts state court remedies; leave to amend that claim in this action is denied. The remaining § 1983 claims, as described in this Memorandum Opinion, are dismissed without prejudice as to all Defendants. Plaintiff may file an Amended Complaint within 45 days of the date of this Order to the extent he can cure the deficiencies in the § 1983 claims the Court has dismissed without prejudice. Plaintiff's motion for preliminary injunction and motion for summary judgment are denied for the reasons stated herein. An appropriate Order follows.

           s/Freda L. Wolfson
           Freda L. Wolfson
           U.S. Chief District Judge