**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RALPH BAKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND ROYCE, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 22-1234 (GC) (DEA)<br><br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the filing of a Second Amended Complaint (ECF No. 19 ("Second Amended Complaint")) by *pro se* Plaintiff Ralph Baker, the Court's obligation to screen the Second Amended Complaint under 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's filing of an Application for *Pro Bono* Counsel (ECF No. 18). Plaintiff, a state prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, asserts claims pursuant to 42 U.S.C. § 1983. (ECF No. 19 at 2.) Previously, the Honorable Freda L. Wolfson dismissed Plaintiff's First Amended Complaint (ECF No. 6 ("First Amended Complaint")) at screening. *Baker v. Royce*, No. 22-1234, 2022 WL 11804025 (D.N.J. Oct. 20, 2022) ("Screening Opinion"); (ECF No. 11.) The matter was then reassigned to the Undersigned (ECF No. 17), and Plaintiff filed his Second Amended Complaint and Application for *Pro Bono* Counsel. The Court shall reopen this case so that Plaintiff's Second Amended Complaint may be screened.

Pursuant to § 1915(e)(2)(B), this Court is required to screen the Second Amended Complaint and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or

seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's § 1983 claim seeking the award of jail credits is **DISMISSED** without prejudice to future habeas litigation. Leave to amend that claim in this action is **DENIED**. The remaining § 1983 claims, as described in this Opinion, are **DISMISSED** without prejudice as to all Defendants for failure to state a claim for relief. Plaintiff shall be given one final opportunity to submit a proposed Third Amended Complaint within 45 days of the date of entry of this Opinion and the accompanying Order to the extent he can cure the deficiencies in the remaining § 1983 claims described in this Opinion should he elect to do so. The Application for *Pro Bono* Counsel is **DENIED** without prejudice.

I.     PLAINTIFF'S SECOND AMENDED COMPLAINT

In the Screening Opinion, Judge Wolson summarized the facts contained in Plaintiff's First Amended Complaint as follows:

> Plaintiff's Amended Complaint provides a stream of consciousness litany of seemingly unrelated violations of his civil rights arising from his incarceration at New Jersey State Prison.
>
> Construed liberally, Plaintiff's Amended Complaint appears to allege that Raymond Royce, Administrator of the New Jersey Department of Corrections, Bruce Davis, Administrator of the New Jersey Department of Corrections, and Marshall Fletcher, a Classification Officer at New Jersey State Prison, have illegally denied him jail credits for indictments in Union and Somerset County that were dismissed, and that the denial of the credits will cause him to be confined beyond the expiration of his sentence. *See* ECF No. 6, Amended Complaint at 4. Plaintiff contends that classification staff failed to provide credits to Plaintiff's remaining sentence following the dismissal of the indictments. *Id.* at 5-6. Plaintiff also alleges that he sent his judgment of conviction to Fletcher. *Id.* at 6.
>
> In addition to the allegations regarding the calculation of his sentence, Plaintiff also alleges he was confined in a cell with "lice[,] flees[sic,] soil mattess [sic]. *Id.* at 5. Lt. Michael Brawford allegedly wrote a false charge against Baker and placed him in a cell in Unit 2C where "others" flooded the cell with feces and urine, which destroyed Baker's legal papers. *See id.* at 5. Plaintiff was

found not guilty of threatening staff. *Id.* Plaintiff also alleges he was refused "constant shower" in Unit 2L and denied requests to remove feces and urine from his food and cell, and was also denied protection. *Id.* at 6. The latter two incidents appear to be separate and involve different cells.

Plaintiff also alleges that "Defendants" have been investigated for the murder of other inmates and that "Defendants" prevented Plaintiff's interstate transfer to Maryland and New Hampshire. Plaintiff does not provide any other facts about this claim. *Id.* at 6.

Plaintiff additionally alleges that Department of Corrections personnel destroyed his word processor and seized his law books, but he provides no other facts about this incident. *See id.* at 6.

Plaintiff also raises claims about his medical care and alleges that the Medical Department "instituted medical castration" on Plaintiff by giving him Lupron, a cancer drug for end stage cancer that kills sperm and causes permanent erectile dysfunction. *Id.* Plaintiff also alleges that he has been denied medication for diabetes for twelve years and has been overdosed on high blood pressure medicine. *Id.*

In the relief section of his Amended Complaint, Plaintiff seeks $500 for each day of "illegal confinement" from December 6, 2021-February 21, 2021, as well as sixteen million dollars for the miscalculation of his sentence. *Id.* at 6-7. Plaintiff also alludes to the fact that DNA implicated another man in a string of armed robberies attributed to Plaintiff. *See id.*

In the relief section of the Amended Complaint, Baker also states that he has received death threats from gang members who stole his social security number and filed "taxes" against him. *Id.* at 7. Plaintiff further states that correction officers D. Jenowicz and L. Jenowicz opened Plaintiff's cell door, threw feces, and threatened Plaintiff's safety. *See id.* at 7. The gang member allegedly stole Plaintiff's legal briefs and impersonated Plaintiff by using his social security number and seeking to obtain money from Plaintiff's pending lawsuits. *Id.*

*Baker*, 2022 WL 11804025, at *1-2 (footnote omitted).

Plaintiff's Second Amended Complaint largely repeats verbatim the allegations in his First Amended Complaint. There are three general exceptions where the Second Amended Complaint

3

departs from a word-for-word repetition of the prior pleading. First, in his First Amended Complaint, Plaintiff alleged that Bruce Davis, DOC Administrator, denied him jail credits. (ECF No. 6 at 4.) The Second Amended Complaint does not mention Davis. Second, the caption to the Second Amended Complaint lists Bruce Brown as a Defendant. (ECF No. 19 at 1.) Bruce Brown is not mentioned in the First Amended Complaint.

Third, the Second Amended Complaint's relief section is not identical to the equivalent section in the First Amended Complaint. Repeating word for word the allegations in his prior pleading, Plaintiff reiterates his requests for $500 for each day of "illegal confinement" from December 6, 2021-February 21, 2021, and sixteen million dollars for the miscalculation of his sentence, as well as his allusion to DNA evidence allegedly implicating another man in the string of armed robberies attributed to Plaintiff. (*Id.* at 6; *see also* ECF No. 6 at 6.) However, the relief section of the Second Amended Complaint then states that "Blood Gang members [are] seeking [to] steal [Plaintiff's] identity" to obtain stimulus funds from the IRS, "have stolen [his] social security number," and "seek to receive money ordered by this court." (ECF No. 19 at 7.) Plaintiff alleges that "they have sent people" to his sister Dorinda Saunders's home in Piscataway, the "wing officers" have assisted in this process, and "SCO Jenowcz has paraded the Plaintiff as telling on himself, [sic] have [sic] thrown dog feces, which cannot be possessed by any inmates." (*Id.*) The Attorney General's Office previously locked up ten members of the "same group, along with the Plaintiff," and a report was written by Deputy Attorney General Susan Marie Scott on August 10,

2010. (*Id.*)  Plaintiff concludes by stating there is a "[n]ew threat geared at Alexander Haidra, emerg[ency] contact." (*Id.*)

## II.     STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis.  See* 28 U.S.C. § 1915(e)(2)(B).  The PLRA directs district courts to *sua sponte* dismiss claims (i) that are frivolous or malicious, (ii) that fail to state a claim upon which relief may be granted, or (iii) that seek monetary relief from a defendant who is immune from such relief.  *See id.*

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v, Twombly*, 550 U.S. 544, 570 (2007)).  At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* Second Amended Complaint as true, draws all reasonable inferences in the Plaintiff's favor, and asks only whether the pleading, liberally construed, contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (stating that courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements" (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).

### III.   DISCUSSION

    A.    **Plaintiff's Challenge to his Sentence**

In her prior Screening Opinion, Judge Wolfson began with Plaintiff's challenge to his sentence. The Court provided the following summary of the procedural context based in part on the Plaintiff's exhibits (attached to his motions for a preliminary injunction and summary judgment, which Judge Wolfson denied):

> Plaintiff was convicted in separate trials in Middlesex County and Union County for robberies that occurred in 2002. *See State v. Baker*, Nos. A–3867–05T4, A–3602–13T4, A–3603–13T4, 2017 WL 2797433, at *1-2 (N.J. Super. A.D. Jun. 28, 2017). A ski mask, bag, and gun seized in the Union County arrest was admitted at Baker's trials in Union and Middlesex Counties. *See id.* at 1-2. Baker was also charged in Somerset County with committing a July 2, 2002 armed robbery and aggravated assault. *Id.* at 2. The Somerset County court apparently ruled that the ski mask, bag, and gun seized in the Union County arrest would be admissible and granted defendant's motion to have the mask tested for DNA. *Id.* In 2006, the State Police laboratory informed the Somerset County authorities that the mask bore DNA linked to another man arrested in April 2003 for a masked armed robbery in Hudson County. *Id.* The Somerset County indictment was dismissed voluntarily on April 3, 2008. *Id.* Plaintiff sought new trials in both the Union County and Middlesex County matters based on newly discovered DNA evidence. *Id.*
>
> In an unpublished decision dated June 28, 2017, the Appellate Division vacated the denials of Plaintiff's motions for a new trial in the Union and Middlesex County matters and remanded for evidentiary hearings on the DNA evidence to determine whether Baker could satisfy the newly-discovered evidence standard in either matter. *See Baker*, 2017 WL 2797433, at *7-11.
>
> On December 7, 2018, on remand and following an evidentiary hearing in Union County, the Honorable Candido Rodriguez, Jr., J.S.C., entered a Judgment of Dismissal, dismissing petitioner's Union County convictions under Indictment No. 02-10-01265. *See* ECF No. 9-1, Plaintiff's Exhibit at 8; *see also* Baker v. Ricci, Civ. No. 09-3654 (KM), ECF Nos. 75 at 2; 75-4.

6

> Following an evidentiary hearing in Middlesex County, the Honorable Dennis V. Nieves, J.S.C., issued a written opinion on September 10, 2019, denying defendant's motion for a new trial in the Middlesex County matter. *See* ECF No. 9-1, Plaintiff's Exhibit at 8.
>
> Defendant thereafter filed a Notice of Appeal from the denial of his motion for a new trial as to the Middlesex County convictions and his resentencing. *See id.* at 8. Plaintiff has not alleged any facts in his Amended Complaint to suggest that the Appellate Division or Supreme Court of New Jersey have ruled on his appeal of the Middlesex County convictions.

*Baker*, 2022 WL 11804025, at *3 (footnotes omitted). Judge Wolfson further noted that the New Jersey Appellate Division affirmed Plaintiff's Middlesex County conviction but vacated Plaintiff's life sentence and remanded for resentencing on Count Two (a first degree robbery charge), with the remand limited to reconsideration of the appropriate sentence for Plaintiff within the expanded sentencing range in light of *State v. Pierce*, 188 N.J. 155 (2006). *Baker*, 2022 WL 11804025, at *3 n.3. On November 21, 2019, Plaintiff was resentenced on Count Two to an extended term of life imprisonment. *Id.* at *3 n.4.

After the entry of the Screening Opinion on October 20, 2022, the New Jersey Appellate Division upheld the state trial court's denial of a new trial in the Middlesex County matter and its resentencing on Count Two. *State v. Baker*, No. A-2237-19, 2023 WL 2542732, at *5-7 (N.J. Super. Ct. App. Div. Mar. 17, 2023); *see also Sanchez v. Pradhanang*, No. 24-1281, 2024 WL 3401550, at *1 (D.N.J. Jul. 12, 2024) (taking judicial notice on screening of the docket in another proceeding filed by the plaintiff); *Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127, at *14 (D.N.J. Jul. 13, 2023) (noting that, in deciding a motion to dismiss, a district court may rely on orders and opinions filed in related proceedings), *aff'd*, No. 23-2301, 2024 WL 2861845 (3d Cir. June 6, 2024) (per curiam). On June 2, 2023, the New Jersey Supreme Court denied Plaintiff's petition for certification. *State v. Baker*, 295 A.3d 221 (N.J. 2023) (unpublished table decision).

Furthermore, it appears that, in July 2009, Plaintiff filed a consolidated habeas petition under 28 U.S.C. § 2254 seeking to challenge the Union and Middlesex County convictions.[1] *See Baker v. Ricci*, No. 09-3654, 2023 WL 4933192, at *1 (D.N.J. Aug. 2, 2023). In September 2013, the Honorable Kevin McNulty granted Plaintiff a protective stay to exhaust potential state court remedies. *Id.* In a Memorandum and Order signed on August 2, 2023 (after the entry of the Screening Opinion), Judge McNulty noted that it appeared that the New Jersey Appellate Division affirmed the trial court's denial of a new trial and the life sentence Plaintiff received for the Middlesex County matter and that the New Jersey Supreme Court denied certification. *Id.* On September 1, 2023, Judge McNulty lifted the stay and ordered Plaintiff to file an amended petition on the form prescribed by Local Civil Rule 81.2. (Civ. No. 09-3654, ECF No. 99 at 3.) The habeas proceeding was reassigned to the Honorable Michael A. Farbiarz. (*Id.*, ECF No. 106.) On February 22, 2024, Judge Farbiarz administratively terminated the matter and ordered that, if Plaintiff desired to reopen the matter, he must submit an amended petition on the proper form, submit all of his briefs and exhibit, along with his amended petition, as one filing, and label each exhibit and file an exhibit list as part of this one filing.[2] (*Id.*, ECF No. 116 at 1-2.)

---

[1]   In the Screening Opinion, Judge Wolfson cited to this habeas proceeding. *See Baker*, 2022 WL 11804025, at *3.

[2]   Judge Wolfson also noted that, "[s]ome of the allegations in the Amended Complaint . . . overlap with claims Baker raised in a different action, *Baker v. Wittevrongel*, Civ. Act. [No.] 20-cv-13020, which the Honorable John Michael Vazquez, U.S.D.J., dismissed on December 3, 2021." *Baker*, 2022 WL 11804025, at *1 n.1. On January 27, 2023, the Third Circuit affirmed this dismissal, specifically concluding that the district court correctly determined that Plaintiff failed to state a malicious prosecution claim arising from his Middlesex County conviction because success on this claim would necessarily imply the invalidity of this conviction, which had not been invalidated or otherwise favorably terminated. *Baker v. Wittevrongel*, No. 22-1088, 2023 WL 1069707, at *3 (3d Cir. Jan. 27, 2023) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). The Third Circuit nonetheless modified the judgment to reflect that this malicious prosecution claim was dismissed without prejudice because Plaintiff could bring the claim should the conviction be invalidated in the future. *Id.*

In the Screening Opinion, Judge Wolfson explained that Plaintiff appeared to allege in his First Amended Complaint that Defendants Royce, Davis, and Fletcher failed to give him jail credits in connection with the dismissal of the Union and Somerset County indictments, their failure would require him to serve a longer sentence, and that he was illegally confined. *Baker*, 2022 WL 11804025, at *4. However, as Judge Wolfson observed, "[t]his type of claim . . . is not cognizable in a [42 U.S.C.] § 1983 action and is only cognizable in a habeas action." *Id.* "Therefore, the § 1983 claims challenging the calculation of his sentence are dismissed without prejudice to Baker's filing of a habeas petition once he fully exhausts these claims in state court." *Id.* Leave to amend was denied "as to Plaintiff's claim that he has been improperly denied jail credits that affect the length of his sentence, as this claim may only be brought in a habeas petition after fully exhausting state court remedies." *Id.* at *7.

Even though Judge Wolfson dismissed his sentencing calculation claim without leave to amend that claim in this action, Plaintiff's Third Amended Complaint repeats, word for word, the jail-credit allegations from his First Amended Complaint (apart from omitting any reference to Davis). (*See* ECF No. 6 at 4-6; ECF NO. 19 at 4-6.)  It is well established that:

> [W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *see also Baker*, 2022 WL 11804025, at *4. Given the identical allegations in the pleadings, and considering the context of his sentencing calculation allegations (including what has transpired since Judge Wolfson's ruling), the Court concludes that Plaintiff's "challenges to calculation of his sentence and/or the award of credits

9

plainly affects the duration of his confinement, and, thus, squarely falls within the 'core of habeas.'" *Baker*, 2022 WL 1180425, at *4.  Since the filing of the Screening Opinion, Plaintiff "is still serving a life sentence for the Middlesex County armed robbery, which has not been overturned or modified; thus it appears that he has not been held beyond the expiration of his Middlesex County sentence or that he is entitled to immediate release." *Id.* at *3 n.4.  In fact, the New Jersey Appellate Division affirmed the state trial court's resentencing and denial of a new trial in the Middlesex County matter, and the New Jersey Supreme Court denied certification. *Baker*, 295 A.3d 231; *Baker*, 2023 WL 2542732, at *5-7.  Accordingly, the Court dismisses the § 1983 calculation challenge without prejudice to any future habeas litigation.

### B.     The Remaining § 1983 Claims in the Second Amended Complaint

Like the largely identical First Amended Complaint, Plaintiff appears to raise several additional § 1983 claims.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation

was committed or caused by a person acting under color of state law.³ *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *Baker*, 2022 WL 11804025, at *5.

First, Plaintiff has alleged in both his First and Second Amended Complaints that Lt. Michael Brawford wrote a false charge against him. (ECF No. 6 at 5; ECF No. 19 at 5.) However, the mere act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. *See Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 26 (3d Cir. 2010) (per curiam). As with the First Amended Complaint, Plaintiff fails to allege in his Second Amended Complaint that he was denied an institutional disciplinary hearing, an opportunity to present evidence to refute the charges, or any other due process requirements. *Id.* (stating that the due process claim was properly dismissed because the plaintiff did not allege he was denied a hearing or an opportunity to present a defense); *see also Woolf v. McDonnell*, 418 U.S. 539, 563-71 (1974) (holding that inmate is entitled to written notice of charges and no less than 24 hours to marshal facts and prepare defense for appearance at disciplinary hearing, a written statement by the finder of fact as to the evidence relied on and the reasons for disciplinary action, and the opportunity to call witnesses and present documentary evidence in defense when to do so will not be unduly hazardous to institutional safety or correctional goals). Instead, Plaintiff merely reiterates his allegations that "he was accused of the false charges and was found not guilty of those charges." *Baker*, 2022 WL 11804025, at *5. Because "there are no factual allegations of wrongdoing that would rise to the level of a

---

³ The Court does not construe Plaintiff's Second Amended Complaint to raise any claims under state law, and it further assumes for screening purposes that Plaintiff seeks damages against the individual Defendants in their personal capacities, unless otherwise noted. *See Baker*, 2022 WL 11804025, at *4 n.5 (drawing the same assumptions from Plaintiff's substantially identical First Amended Complaint).

constitutional deprivation," this claim against Lt. Brawford is dismissed without prejudice for failure to state a claim for relief. *Id.*

Plaintiff also has claimed several Eighth Amendment violations related to prison conditions. *See id*. Prison conditions can violate the Eighth Amendment's proscription of cruel and unusual punishment if they are inconsistent with evolving standards of decency or involve unnecessary and wanton infliction of pain. *See Rhodes v. Chapmen*, 452 U.S. 337, 346 (1981). To prevail on such a claim, the plaintiff must provide facts plausibly indicating that the deprivation was sufficiently serious (the objective element) and that the prison officials acted with a sufficiently culpable state of mind (the subjective element). *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective element may be satisfied where the inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Fantone v. Herbik*, 528 F. App'x 123, 127 (3d Cir. 2013) (stating that only extreme deprivations are sufficient to present a claim for unconstitutional prison conditions). To satisfy the subjective element, the plaintiff must show that the prison official knew of and disregarded an excessive risk to the plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has alleged he was placed in a cell with lice, fleas, and a soiled mattress. (ECF No. 6 at 5; ECF No. 19 at 5.) However, because vicarious liability is inapplicable to § 1983 claims, a plaintiff must plead that each official, "through the official's own individual actions, has violated the Constitution." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (emphasis omitted) (quoting *Iqbal*, 556 U.S. at 676); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (stating that liability cannot be predicated solely based on *respondeat superior*). A plaintiff accordingly must plead "allegations of personal direction or of actual knowledge and

acquiescence," and such allegations "must be made with appropriate particularity." *Rode*, 845 F.2d at 1207 (citations omitted).

As in his First Amended Complaint, Plaintiff does not allege any facts in his Second Amended Complaint from which the Court can infer which of the various Defendants, if any, were personally involved in the alleged wrongs, or whether they thereby acted with deliberate indifference to Plaintiff's health or safety. *Baker*, 2022 WL 11804025, at *5. Furthermore, he does not provide any facts identifying a prison official (or officials) who placed him in the unsanitary cell. *Id.* at *5 n.6 (noting that Plaintiff may identify any unknown prison officials as John Does but must provide enough facts so that the John Doe may be identified through discovery). Accordingly, this claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

According to Plaintiff, Lt. Brawford placed him in a cell in Unit 2C, and "others" flooded the cell with feces and urine (thereby destroying Plaintiff's legal papers). (ECF No. at 5; ECF No. 19 at 5.) Plaintiff does not allege in either the First or the Second Amended Complaint that the feces and urine were in the cell when Lt. Brawford placed him there, that Lt. Brawford instructed others to "flood" the cell with feces and urine, or that Lt. Brawford had contemporaneous knowledge of the others' actions yet failed to act. *See Baker*, 2022 WL 11804025, at *6. As such, the Eighth Amendment claim against Lt. Brawford related to his Unit 2C cell placement must be dismissed without prejudice for failure to state a claim for relief.

Plaintiff similarly has alleged that, during his placement in a cell in Unit 2L, he was refused a "constant shower," his requests to remove feces and urine from his food and cell were denied, and he was denied "protection." (ECF No. 6 at 6; ECF No. 19 at 6.) In his First Amended Complaint, "he does not identify the prison official or officials who refused to remove the feces

13

and urine or provide sufficient facts about how he was denied 'protection.'" *Baker*, 2022 WL 11804025, at \*6. Because Plaintiff has not corrected the deficiencies identified by Judge Wolfson, these Eighth Amendment claims are likewise dismissed without prejudice for failure to state a claim for relief.

As Judge Wolfson noted, Plaintiff has alleged that "medical personnel gave him Lupron, which causes erectile dysfunction and rendered him infertile, and he also alleges that medical personnel denied him medicine for diabetes and overdosed him on blood pressure medicine." *Id.*; (*see also* ECF No. 6 at 6; ECF No. 19 at 6.) To allege a facially plausible Eighth Amendment claim for constitutionally inadequate medical care, the plaintiff must plead facts indicating (1) a serious medical need and (2) behavior on the part of officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 103-04, 106 (1976). Deliberate indifference requires showing more than mere malpractice or negligence; instead, deliberate indifference is equivalent to the reckless disregard of a known risk of harm. *See Farmer*, 511 U.S. at 837-38.

Because "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct," *Jutrowski*, 904 F.3d at 290 (emphasis omitted) (citing *Iqbal*, 556 U.S. at 677), Plaintiff is not permitted to sue the "Medical Department" or "[t]he Defendants" in general. (ECF No. at 6; ECF No. 19 at 6); *Baker*, 2022 WL 11804025, at \*6. As with the First Amended Complaint, Plaintiff's Second Amended Complaint "provides no facts as to the person or persons who prescribed him Lupron, the medical reason the Lupron was prescribed, or how long Plaintiff was treated with Lupron." *Baker*, 2022 WL 11804025, at \*6. Furthermore, "Plaintiff's general allegation that medical personnel denied him medication for diabetes and 'overdosed' him on blood pressure medication is likewise insufficient to state a claim for relief as there are no

14

allegations as to which medical personnel engaged in the relevant conduct or the circumstances surrounding the alleged overdose." *Id.* Accordingly, the Eighth Amendment claim for constitutionally deficient medical care is dismissed without prejudice for failure to state a claim upon which relief may be granted.

In the relief section of his Second Amended Complaint, Plaintiff states that "Blood Gang members" are attempting to steal (or have stolen) Plaintiff's identity, social security number, IRS stimulus check, and "money ordered by this court," and have sent people to threaten Plaintiff's sister. (ECF No. 19 at 7.) Plaintiff also alleges that "[t]he wing officers have assisted in this process, [sic] SCO Jenowcz has paraded the Plaintiff as telling on himself, [sic] have [sic] thrown dog feces, which cannot be possessed by any inmates;" the Attorney General's Office previously "locked up ten (10) member[s] of the same group, along with the Plaintiff;" a report was prepared by Deputy Assistant Attorney General Scott on August 10, 2010; and there was a "new threat" against "Alexander Haidra, emerg[ency] contact." (*Id.*) Under the Eighth Amendment, prison officials have a duty to take "reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (cleaned up) (quoting *Farmer*, 511 U.S. at 833). Officials violate this duty to protect when they exhibit deliberate indifference to a substantial risk of serious harm to an inmate. *See id.* "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In the Screening Opinion, Judge Wolfson acknowledged that Plaintiff's similar allegations in his First Amended Complaint that "officers D. Jenowicz and L. Jenowicz" opened his cell door, threw dog feces, and allowed a gang member to enter his cell "are concerning." *Baker*, 2022 WL 11804025, at *6-7. However, she concluded that Plaintiff "has not provided enough facts for the

Court to assess whether D. Jenowicz and/or L. Jenowicz knew that Plaintiff faced a risk of harm from gang members and acted with deliberate indifference to his safety in opening Plaintiff's cell door and 'allow[ing]' the gang member to enter." *Id.* at *7 (alteration in original) (footnote omitted). In addition, "Plaintiff provides so few facts about the alleged throwing of dog feces that the Court is also unable to determine if this incident violated Plaintiff's Eighth Amendment rights." *Id.* In his Second Amended Complaint, Plaintiff likewise fails to provide enough facts for the Court to assess his allegations against the unidentified wing officers and "SCO Jenowcz." The Court therefore dismisses without prejudice the apparent claims set forth in the relief section of the Second Amended Complaint for failure to state a claim for relief.[4]

Plaintiff alleges that "Defendants prevented [his] interstate transfer to Maryland and New Hampshire," "Department of Corrections personnel destroyed [his] word processor" and "seized 19 law books," and "Defendants [are] under investigation for [the] murder of other inmates." (ECF No. at 6; ECF No. 19 at 6.) Plaintiff has no constitutional right to be incarcerated in any particular State. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Baker*, 2022 WL 11804025, at *7. He has also failed to provide, in either his First or his Second Amended Complaint, any facts regarding the property destruction/seizure incident (or incidents). *See Baker*, 2022 WL 11804025, at *7. He similarly fails to provide any factual content supporting his conclusory assertion that the "Defendants" are being investigated for murder. Furthermore, he does not allege any facts suggesting the lack of an adequate post-deprivation remedy. *See Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (per curiam) (stating that deprivation of inmate property by prison officials does not give rise to a cognizable due process claim if the inmate has an adequate post-deprivation

---

[4] "The Court does not construe Plaintiff to assert § 1983 claims against [the gang member inmates]; moreover there are no facts to suggest that the inmate[s or gang members] [are] state actor[s]." *Baker*, 2022 WL 11804025, at *7 n.7.

state remedy, including the opportunity to file an administrative grievance or a state court tort action); *Baker*, 2022 WL 11804025, at *7. Accordingly, these claims are dismissed without prejudice for failure to state a claim for relief.

Finally, Plaintiff has listed Bruce Brown, Nakia Wynn, Amy Emrich, Major Sears, and Jessica McDuffie in the caption of his Second Amended Complaint. (ECF No. 19 at 1.) But he provides no facts about how these particular Defendants violated his constitutional rights. As such, the Court dismisses the Second Amended Complaint against these Defendants for failure to a state a claim for relief. *See Baker*, WL 11804025, at *7 (dismissing claims against Defendants listed in the caption in First Amended Complaint).

### C. Appointment of *Pro Bono* Counsel

Plaintiff also requests the appointment of *pro bono* counsel. (ECF No. 18.) Because Plaintiff's Second Amended Complaint is dismissed without prejudice, and claims of at least arguable merit are a prerequisite for the granting of appointed counsel, *see Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002), Plaintiff's Application for *Pro Bono* Counsel is **DENIED** without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to reopen this matter to permit screening of the Second Amended Complaint. Plaintiff's § 1983 claim seeking the award of jail credits is **DISMISSED** without prejudice to future habeas litigation; leave to amend that claim in this action is **DENIED**. The remaining § 1983 claims, as described in this Opinion, are **DISMISSED** without prejudice as to all Defendants for failure to state a claim for relief. Plaintiff has now had two opportunities to sufficiently state a § 1983 claim. Plaintiff shall be given one final opportunity to submit a proposed Third Amended Complaint within 45 days of the date of

entry of this Opinion and the accompanying Order to the extent he can cure the deficiencies in the remaining §1983 claims described in this Opinion should he elect to do so. Plaintiff's Application for *Pro Bono* Counsel is **DENIED** without prejudice. An appropriate Order follows.

*[signature: Georgette Castner]*
_____
GEORGETTE CASTNER
United States District Judge